1

2

3

4

5

6

7

8            # UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11  JENNIFER TERAN,                      Case No.  1:09-cv-02258-SAB

12              Plaintiff,               ORDER DENYING PLAINTIFF'S MOTION FOR
                                         ATTORNEY FEES
13       v.
                                         ECF NO. 39
14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                Defendant.
16

17

18         On March 20, 2013, Plaintiff Jennifer Teran ("Plaintiff") filed an application seeking

19  attorneys' fees and expenses under the Equal Access to Justice Act.  (ECF No. 39.)  Plaintiff

20  seeks attorneys' fees and expenses in the amount of $25,015.98.  For the reasons set forth below,

21  Plaintiff's motion will be denied.

22                              **I.**

23                        **BACKGROUND**[1]

24         Plaintiff applied for benefits under the Social Security Act on December 28, 2006.  (AR

25  122-24.)  Administrative Law Judge Michael J. Kopicki ("the ALJ") denied Plaintiff's application

26  on May 13, 2009.  (AR 70-82.)  The Appeals Council denied Plaintiff's request for review on

27

28

---

[1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record).  Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript.  (See ECF No. 11.)

1  August 8, 2009.  (AR 7-9.)

2      The ALJ made the following determinations which are relevant to the present motion.[2]

3  The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting

4  effects of [her] symptoms are not credible to the extent they are inconsistent with the ... residual

5  functional capacity assessment [as determined by the ALJ]."  (AR 19-20.)  The ALJ cited several

6  findings supporting the adverse credibility determination, including the "normal" examination of

7  her back and neck in December 16, 2005 by Dr. Holvic.  However, the primary basis for the

8  ALJ's adverse credibility determination was the ALJ's finding that Plaintiff's activities of daily

9  living were inconsistent with her testimony regarding the severity of her symptoms.  The ALJ

10 wrote:

11         The claimant testified that she can only walk for 5 minutes before
           her back starts hurting however she also testified that she goes
12         grocery shopping with her husband and she gets her 3 children, ages
           3, 9 and 1[1], ready for school, takes them to school and picks them
13         up.

14 (AR 22.)  Further:

15         The claimant testified that she can only sit for 5 minutes; however
           she also testified that she watches television for 4 hours per day
16         and, at the hearing, she was able to sit for 30 minutes and did not
           shift position until it was pointed out to her that she had been sitting
17         that long.

18 (AR 22.)

19     The testimony cited by the ALJ referred to Plaintiff's testimony at a hearing before the

20 ALJ on January 21, 2009.  (AR 26-69.)  Plaintiff testified that she lives in a house with her

21 husband and three children, ages three, nine and eleven.  (AR 30.)  With respect to her typical

22 daily activities, Plaintiff testified:

23         I get up, supervise my older children getting ready for school.  They
           help me get my three-year-old ready, drop them off at school, come
24         back home, take my medication, make him something simple to eat
           like oatmeal or cereal, my three-year-old and just sometimes sit and
25         read with him, watch TV.  I have to get up and move around or sit
           down or – and pretty much that until I pick up my children at three.
26         And then come back home and take my medication and wait for my

27
   ―――――――――――――――
   [2] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record).  Page
28 numbers will refer to the page numbers as stamped and indexed in the lodged transcript.  (See ECF No. 11.)

1    husband to get home to help me.

2    (AR 44.)  Plaintiff testified that she watches TV four hours a day, but takes breaks in between

3    watching shows.  (AR 46, 53.)

4         The following exchange took place during the hearing, which the ALJ relied upon in

5    discounting Plaintiff's credibility:

6         Q.    How far can you walk before you have to stop and rest?
          A.    I don't know how far –
7         Q.    Or how long?
          A.    -- but for maybe up to five minutes I would say at the most.
8         Q.    Okay, Then what would happen or hurt?
          A.    Just my back starts hurting.
9         Q.    Okay.  How about standing, how long can you stand?
          A.    Probably about the same.
10        Q.    Sitting?
          A.    Sitting probably about the same without pain, probably up to
11   three or four maybe five minutes.
          Q.    Okay.
12        ALJ:  So you have pain right now?
          CLMT:        Yeah, I do.  I'm very uncomfortable right now.
13        BY ATTORNEY:
          Q.    But you can sit longer, though, even with pain?
14        A.    If I have to, yeah.
          Q.    Because we've been here for longer than five minutes and
15   you're still sitting.
          A.    Yeah, but I have to move around.  And I'm[sic] been
16   moving around in the chair to try to –
          Q.    Okay.  So even with squirming and moving around, could
17   you sit – obviously you could sit longer, so how much longer can
     you sit?
18        A.    I don't think I can sit very much more longer right now.  I
     don't know.  I haven't timed it so I couldn't tell you for sure.
19        Q.    Okay.  So when do you need to get up?
          A.    Now.
20        Q.    Okay.
          ALJ:  Feel free to change positions if you need to.

21

22   (AR 49-50.)  Plaintiff later asked if she could stand during the hearing.  (AR 55.)  According to

23   the transcript, the hearing began at 2:05 p.m. and concluded at 2:56 p.m.  (AR 28, 69.)

24        The ALJ also afforded "little weight" to the opinions of Dr. Watrous, Plaintiff's treating

25   physician.  (AR 22.)  The ALJ noted that "[t]he functional limitations suggested by Dr. Watrous

26   are inconsistent with the record."  (AR 22.)  The ALJ noted that Dr. Watrous' opinions "appears

27   to be based primarily on the claimant's subjective complaints," which lacked credibility.  (AR

28   22.)  The ALJ instead gave substantial weight to the medical opinions of the State agency medical

3

1    evaluators.  (AR 22.)

2          On December 29, 2009, Plaintiff filed her complaint seeking judicial review of the denial

3    of her Social Security benefits application.  (ECF No. 1.)  Plaintiff argued that the ALJ erred 1) in

4    assessing Plaintiff's residual functional capacity, 2) by rejecting the opinions of Plaintiff's

5    treating physician, 3) by discrediting Plaintiff's testimony, 4) by failing to address the lay witness

6    testimony, 5) by failing to address Plaintiff's obesity and 6) by presenting a flawed hypothetical

7    to the vocational expert.  (Pl.'s Opening Brief 7:3-22:16.)

8          On February 3, 2011, this Court issued its order denying Plaintiff's appeal.  (ECF No. 24.)

9    The district court rejected each of Plaintiff's arguments.  With respect to the issues pertinent to

10   the present motion, the district court found that the ALJ properly rejected Dr. Watrous' opinion

11   because the limitations opined by Dr. Watrous were inconsistent with Plaintiff's admitted

12   activities of daily living and because Dr. Watrous' opinions appeared to be based primarily on

13   Plaintiff's subjective complaints, which the ALJ found to lack credibility.  The district court

14   found that the ALJ properly assessed Plaintiff's credibility by noting Plaintiff's failure to seek

15   immediate medical treatment for her disability and by noting that Plaintiff's admitted activities of

16   daily living appeared to be inconsistent with her alleged limitations.

17         On March 21, 2011, Plaintiff appealed this Court's order denying her appeal.  (ECF No.

18   26.)  On November 20, 2012, the Ninth Circuit granted Plaintiff's appeal, reversed the district

19   court's order and instructed this Court to remand this action to the Commissioner with

20   instructions to award Plaintiff benefits.  (ECF No. 31.[3])  The Ninth Circuit found that the ALJ

21   failed to give clear and convincing reasons for his adverse credibility finding and failed to give

22   clear and convincing reasons to reject the opinion of Dr. Watrous.

23         Specifically, the Ninth Circuit stated:

24               Teran's testimony that she can walk for only five minutes before
                 her back begins to hurt does not conflict with her statements that
25               she goes grocery shopping with her husband and takes her children
                 to school.
26               Even if grocery shopping and taking children to school required
                 more than five consecutive minutes of walking, of which there is no
27

28   _____
     [3] The Ninth Circuit's "Memorandum" opinion is hereinafter cited as "Mem."

> evidence, Teran did not testify that she was unable to walk for five minutes, but rather that walking for any longer was painful. Likewise, that Teran can sit comfortably for only five minutes is not undermined by her testimony that she watches four hours of TV per day. Teran never indicated that she watches TV sitting down (as opposed to lying down, standing up, or moving around), and she explicitly stated that she has to take breaks while watching and does not watch for four hours at a time.

(Mem. 2-3.)

The Ninth Circuit also disagreed with the ALJ's assessment of his own observations of Plaintiff's behavior during the hearing:

> The ALJ found Teran's testimony that she can sit for only five minutes to be inconsistent with her behavior at the hearing, during which, as the ALJ describes, "she was able to sit for 30 minutes and did not shift position until it was pointed out to her that she had been sitting that long." This is unsupported by the record. When her attorney noted that she had been sitting for longer than five minutes, Teran responded that she was "very uncomfortable" and had been moving around in her chair, an explanation the ALJ never disputed on the record. She also acknowledged that she could sit for more than five minutes but explained that doing so was painful.

(Mem. 3.)

The Ninth Circuit went on to conclude that the ALJ erred in rejecting the opinions of Dr. Watrous. Since the ALJ discredited Dr. Watrous' opinions because they were based upon Plaintiff's subjective complaints, the ALJ's rejection of Dr. Watrous' opinion "was based on the same flawed characterization of Teran's behavior that led to his adverse credibility finding and is unsupported by the evidence." (Mem. 5.)

## II.

## LEGAL STANDARDS FOR EAJA MOTIONS

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses under the EAJA. Flores v. Shalala, 49 F.3d 562, 566, (9th Cir. 1995). The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), states, in pertinent part:

> **(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant

> to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Court is required to provide a concise but clear explanation for the reasons for the fee award. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).  Hours that are inadequately documented and hours that were not reasonably expended may reduce the fee award. Id. at 1146.

Fee shifting under EAJA is not mandatory.  Flores, 49 F.3d at 567.  Attorneys' fees and expenses are not awarded under EAJA where the government's position was substantially justified.  Id.  "A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'" Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  The government must establish first, whether the underlying conduct of the ALJ was "substantially justified" and second, that its litigation position defending the ALJ's error was "substantially justified." Id. at 1259.  As the Ninth Circuit described:

> Substantial justification does not mean "justified to a high degree," but simply entails that the government must show that its position meets the traditional reasonableness standard-that is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person."

Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998).

Under EAJA, attorney fees are capped at $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

/ / /

/ / /

/ / /

**III.**

**DISCUSSION**

A.    **Defendants' Position With Respect To Plaintiff's Credibility Was Substantially Justified**

The Court finds that Defendant's position with respect to Plaintiff's credibility was substantially justified.  Defendant's position was substantially justified with respect to both the underlying conduct of the ALJ and Defendant's litigation position defending the ALJ's error.  As set forth below, Defendant's position with respect to Plaintiff's credibility had a reasonable basis in both law and in fact.

1.    Defendant's Position with Respect to Plaintiff's Credibility Had a Reasonable Basis in Law

The Court finds that Defendant met its burden in demonstrating that its position had a reasonable basis in law.  As a matter of law, the ALJ's credibility determination had a reasonable basis.  The ALJ's proffered reasons for discrediting Plaintiff's subjective testimony are supported by caselaw.

"[W]here the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on clear and convincing reasons."  Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008) (internal quotations and citations omitted).  The ALJ's adverse credibility finding will be affirmed on appeal if the clear and convincing reasons cited by the ALJ are supported by substantial evidence.  Id. at 1159.

Here, the ALJ relied upon Plaintiff's seemingly inconsistent statements to discredit Plaintiff.  "The ALJ may consider many factors in weight a claimant's credibility, including ... ordinary techniques of credibility evaluation, such as ... prior inconsistent statements, and other testimony by the claimant that appears less than candid."  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotations and citations omitted).  Plaintiff's seemingly inconsistent statements regarding her limitations in sitting, standing and walking, when contrasted with Plaintiff's statements regarding her daily activities of watching television, taking care of young children and going grocery shopping, are, as a matter of law, a valid basis to discredit

1    Plaintiff.

2           Furthermore, the ALJ relied upon his own personal observations of the claimant's

3    behavior at the hearing and concluded that Plaintiff's behavior and demeanor at the hearing

4    before the ALJ was inconsistent with Plaintiff's testimony regarding her limitations.  The ALJ's

5    personal observations may be used in the overall evaluation of the credibility of the claimant's

6    statements, though they may not form the sole basis for discrediting the claimant.  Orn v. Astrue,

7    495 F.3d 625, 639 (9th Cir. 2007).  Accordingly, when considered in combination with Plaintiff's

8    seemingly inconsistent statements, the ALJ's reliance on his own observations of Plaintiff during

9    the course of the hearing was a valid basis to discredit Plaintiff.

10          Although the Ninth Circuit ultimately determined that the evidence did not support the

11   ALJ's proffered reasons for discrediting Plaintiff, those reasons had a reasonable basis in law.

12   Accordingly, both the ALJ's actions and Defendant's decision to defend the ALJ's actions had a

13   reasonable basis in law.

14          2.      Defendant's Position with Respect to Plaintiff's Credibility Had a Reasonable
                    Basis in Fact
15

16          The Court further finds that Defendant met its burden in demonstrating that its position

17   had a reasonable basis in fact.  Although the Ninth Circuit reversed the ALJ and determined that

18   the facts and evidence do not support an adverse credibility finding, the ALJ's findings are

19   sufficiently reasonable to conclude that the ALJ's actions were substantially justified.

20          The Court notes that the ALJ's adverse credibility determination was not based upon

21   direct evidence of inconsistent testimony, but was instead based upon circumstantial evidence that

22   created an inference that Plaintiff's professed daily activities were inconsistent with Plaintiff's

23   testimony that she could only sit, stand or walk for five minutes at a time.  The ALJ was

24   reasonable in relying upon such circumstantial and equivocal evidence.  In fact, caselaw in this

25   circuit states that the ALJ's conclusions from such evidence are normally entitled to deference.

26   "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion

27   which must be upheld."   Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982) (citing

28   Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).  "In reaching his findings, the law judge

1   is entitled to draw inferences logically flowing from the evidence.[4]" Id.

2           a.      Plaintiff's grocery shopping

3           An example of the ALJ's interpretation of the equivocal evidence is the ALJ's assessment

4   of Plaintiff's testimony that she went grocery shopping with her husband and took care of her

5   small children.  From this testimony, the ALJ drew the inference that Plaintiff had admitted to

6   daily activities that involved walking for more than five minutes at a time or standing for more

7   than five minutes at a time.  The Ninth Circuit correctly noted that neither activity necessarily

8   involves more than five consecutive minutes of walking or standing.  Although, the record was

9   silent as to the precise walking and standing times exerted by Plaintiff while grocery shopping,

10  the Court finds the ALJ's inference reasonable for purposes of the substantial justification

11  standard and the present EAJA motion, despite being ultimately rejected by the Ninth Circuit.

12          It is not unreasonable to infer that someone going grocery shopping is standing or walking

13  for more than five minutes at a time.  It is possible that Plaintiff shops for groceries at small

14  convenience stores for a small number of items at a time, which involves less than five minutes of

15  walking/standing time.  It is also possible that Plaintiff stops to rest while going grocery shopping

16  every five minutes.  However, the fact that Plaintiff testified that she went grocery shopping with

17  her husband lends some credence to the ALJ's inference.  The ALJ could have made the logical

18  inference that people who suffer disabling pain after five minutes of walking generally will not

19  volunteer to accompany their spouse for a trip to the grocery store.  The ALJ could have

20  concluded that, if Plaintiff's allegations of pain were true, she would have sent her husband to

21  shop on his own, rather than endure the discomfort of accompanying him.

22          b.      Plaintiff's child care activities

23          Similarly, it is not unreasonable to infer that someone taking care of small children aged 3,

24  9 and 11, alone at home while her husband works, is not suffering from symptoms as disabling as

25

26  _____
    [4] The Court notes that the ALJ has a duty to assist in further developing the record where the record is equivocal and
    the ALJ may not decide an issue against the claimant based on the absence of evidence in the record.  Ludwig v.

27  Halter, 5 Fed. Appx. 689, 690-91 (9th Cir. 2001).  However, the Ninth Circuit did not determine that the ALJ erred in
    this regard and EAJA fees are only awarded with respect to issues actually addressed by the Ninth Circuit.  Hardisty

28  v. Astrue, 592 F.3d 1072, 1077-79 (9th Cir. 2010).

1    alleged by Plaintiff.  The record indicates that the three year old child does not attend school and

2    stays home with Plaintiff while the other children are at school and Plaintiff's husband is at work.

3    It is not unreasonable for the ALJ to conclude that Plaintiff's impairments were not disabling as

4    alleged given her ability to care for a three year old child by herself on a day to day basis.

5              c.       Plaintiff's behavior at the hearing

6        The Ninth Circuit disagreed with the ALJ's assessment of Plaintiff hearing behavior.  The

7    ALJ noted that Plaintiff sat for 30 minutes and did not shift position until her attorney pointed out

8    the fact that she had just testified that she can only sit comfortably for 3-5 minutes at a time, yet

9    had been sitting for longer than five minutes.[5]  The Ninth Circuit determined that the ALJ's

10   finding was unsupported by the record.  However, this Court finds that reasonable fact finders

11   could disagree.  The ALJ's findings are supported by the fact that the ALJ was present at the

12   hearing and observed Plaintiff's conduct first-hand.  In Thomas v. Barnhart, 278 F.3d 947, 960

13   (9th Cir. 2002), the Ninth Circuit held that it was appropriate for an ALJ to reject a claimant's

14   testimony using "ordinary techniques of credibility evaluation" such as the claimant's "demeanor

15   at the hearing."  While the ALJ's personal observations cannot form the sole basis for discrediting

16   a person's testimony, they "may be used ... in 'the overall evaluation of the credibility of the

17   individual's statements.'"  Orn v. Astrue, 495 F.3d 625, 639-40 (9th Cir. 2007) (quoting SSR 96-

18   7p).  When considered in combination with Plaintiff's professed activities of daily living, the

19   ALJ's credibility finding was sufficiently reasonable for purposes of the "substantially justified"

20   standard.

21       The Ninth Circuit observed that the ALJ never disputed Plaintiff's testimony that she was

22   "very uncomfortable" and had been moving around in her chair.  This conclusion is also subject

23   to reasonable dispute.  The ALJ wrote that Plaintiff had not shifted position until she made this

24   statement.  This statement from the ALJ, in and of itself could be interpreted as the ALJ disputing

25   Plaintiff's testimony, though it is not as straightforward as expressly contesting Plaintiff's

26
_____
[5] The Court notes that the record indicates that the hearing lasted approximately 51 minutes.  During that span, the
27   record only indicates that Plaintiff stood up once (some time after the exchange where Plaintiff's attorney noted the
     fact that Plaintiff had been sitting for longer than five minutes), though it is possible that the transcript did not record
28   other instances of Plaintiff standing up.

1    description of what occurred at the hearing.

2         The sequence of events at the hearing supports a reasonable inference that Plaintiff was

3    being less than candid.  Plaintiff testified that she could sit for approximately three to five minutes

4    at a time before suffering pain.   This testimony was elicited during Plaintiff's attorney's

5    examination.   At this point in time, the ALJ interjected and asked, "[s]o you have pain right

6    now?"   Plaintiff testified that she is "very uncomfortable right now" and Plaintiff's attorney

7    proceeded to elicit testimony about how Plaintiff can sit for longer than five minutes at a time

8    with pain and by squirming and moving around in her chair.  Plaintiff eventually testified: "I

9    don't think I can sit very much more longer right now."

10        One logical inference from this sequence of events is that the ALJ caught Plaintiff in a

11   cross-examination, Plaintiff having testified that she could not sit for more than five minutes at a

12   time without realizing that she had been sitting for approximately thirty minutes.   Plaintiff's

13   attorney then attempted to clean up the record as best she could by explaining that sitting for more

14   than five minutes is possible by enduring the pain and moving about in a manner not inconsistent

15   with how Plaintiff had been moving about up until that point in the hearing.  The ALJ's decision

16   suggests that this is the inference followed by the ALJ, though not explained in as great detail as

17   set forth above.  The Ninth Circuit appears to have rejected the ALJ's inference, albeit without

18   any express discussion of this portion of the transcript.  The Court finds that reasonable minds can

19   disagree, but the ALJ's analysis of the record is substantially justified for purposes of the present

20   EAJA motion.

21        Looking at the record as a whole, the ALJ's adverse credibility determination had a

22   reasonable basis in fact.   Accordingly, the Court finds that both the ALJ's actions and

23   Defendant's defense of those actions were substantially justified.

24        **B.    Defendants' Position With Respect To Dr. Watrous' Opinions Was
             Substantially Justified**
25

26        The ALJ discredited Dr. Watrous' (a treating physician) medical opinions because they

27   were based upon Plaintiff's subjective complaints.  The ALJ determined that Dr. Watrous'

28   medical opinions had little weight because Plaintiff's subjective complaints were unreliable,

1    given the ALJ's adverse credibility determination.

2          "By rule, the Social Security Administration favors the opinion of a treating physician

3    over non-treating physicians." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007).  "If a treating

4    physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic

5    techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will

6    be given] controlling weight.'"  Id. (quoting 20 C.F.R. § 404.1527(d)(2)).  "Even if the treating

7    doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without

8    providing specific and legitimate reasons supported by substantial evidence in the record."  Id. at

9    633 (internal quotations and citations omitted).

10         "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a

11   claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue,

12   533 F.3d 1035, 1041 (9th Cir. 2008).  Moreover, the ALJ may reject a treating physician's

13   opinion if it is inconsistent with the claimant's reported daily activities. Rollins v. Massanari, 261

14   F.3d 853, 856 (9th Cir. 2001) (rejecting treating physician's opinion where it "appears to be

15   inconsistent with the level of activity that [the claimant] engaged in by maintaining a household

16   and raising two young children....").  Accordingly, the ALJ had a reasonable basis in law to

17   discount Dr. Watrous' opinion based upon an inconsistency between the limitations opined by Dr.

18   Watrous and Plaintiff's daily activities.

19         The Ninth Circuit treated Dr. Watrous' opinion as uncontradicted: "[t]he ALJ does not

20   appear to have based his rejection of Dr. Watrous's opinion on the existence of a contradicting

21   opinion, and we are not convinced there is one." (Mem. 4 n.1.)  The ALJ stated that Dr. Watrous'

22   opinions "are inconsistent with the record" and went on to state that the State agency medical

23   evaluator's opinion "is more consistent with the claimant's reported and observed limitations"

24   and "is given substantial weight." (AR 22.)  Dr. Watrous opined that Plaintiff could sit for less

25   than one hour in an eight hour day, stand/walk for 20-30 minutes in an eight hour day, and lift

26   five pounds at the most on a frequent basis. (AR 449.)  Dr. G. W. Bugg opined that Plaintiff was

27   not as limited (sit about six hours, stand/walk at least two hours, frequently lift up to ten pounds).

28   (AR 297.)  Dr. E. E. Wong affirmed those findings. (AR 366.)  The Court finds that the ALJ's

1 | reliance on contradictory medical opinions had a reasonable basis in fact and it is unclear why the
2 | Ninth Circuit was "not convinced" that there were contradicting opinions in the record.

3 |       The Ninth Circuit determined that "[t]he ALJ's finding that Dr. Watrous's opinion was
4 | inconsistent with Teran's testimony and behavior at the hearing was based on the same flawed
5 | characterization of Teran's behavior that led to his adverse credibility finding and is unsupported
6 | by the evidence."   (Mem. 4-5.)   Since the ALJ's adverse credibility determination was
7 | substantially justified, the Court finds that there was a reasonable basis in fact to discredit Dr.
8 | Watrous' opinion.  For example, Dr. Watrous opined that Plaintiff could sit for less than one hour
9 | in an eight hour work day and could stand or walk for 20-30 minutes during an eight hour work
10 | day.  (AR 449.)   The ALJ determined that these opinions were inconsistent with Plaintiff's
11 | professed daily activities and the ALJ's own observation of Plaintiff during the hearing, where
12 | she sat for 30 minutes straight and the record suggests that Plaintiff was sitting during most of the
13 | 51 minute hearing.

14 |       Although the Ninth Circuit ultimately rejected the ALJ's proffered reasons for affording
15 | little weight to Dr. Watrous' opinions, the Court finds that the ALJ's findings had a reasonable
16 | basis in fact, for purposes of the present EAJA motion.  The ALJ was substantially justified in his
17 | actions and Defendant was substantially justified in defending the ALJ's actions.

18 | **IV.**

19 | **CONCLUSION AND ORDER**

20 |       Based upon the foregoing, the Court finds that the ALJ and Defendant were substantially
21 | justified in their actions.  Accordingly, Plaintiff is not entitled to attorney's fees under EAJA.

22 |       Accordingly, it is HEREBY ORDERED that Plaintiff's motion for attorney's fees is
23 | DENIED.

24 | 
25 | IT IS SO ORDERED.

26 | 
27 |   Dated:   **June 3, 2013**

          UNITED STATES MAGISTRATE JUDGE

28 |