# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER TERAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:09-cv-02258-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>ECF NO. 55, 57 |

On January 26, 2015, Plaintiff Jennifer Teran ("Plaintiff") filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 55.)  Plaintiff filed an amended motion for attorneys' fees on February 4, 2015.  (ECF No. 57.)  Defendant Commissioner of Social Security ("Defendant" or "Commissioner") filed responsive statements on January 27, 2015 and February 6, 2015.  (ECF Nos. 56, 58.)

For the reasons set forth below, the Court grants Plaintiff's motion for attorney's fees.

**I.**

**BACKGROUND**

Plaintiff applied for benefits under the Social Security Act on December 28, 2006.  (AR 122-24.)  Administrative Law Judge Michael J. Kopicki ("the ALJ") denied Plaintiff's application on May 13, 2009.  (AR 70-82.)  The Appeals Council denied Plaintiff's request for review on August 8, 2009.  (AR 7-9.)

On December 29, 2009, Plaintiff filed her complaint seeking judicial review of the denial of her Social Security benefits application. (ECF No. 1.) On February 3, 2011, this Court issued its order denying Plaintiff's appeal. (ECF No. 24.) On March 21, 2011, Plaintiff appealed this Court's order denying her appeal. (ECF No. 26.) On November 20, 2012, the Ninth Circuit granted Plaintiff's appeal, reversed the district court's order and instructed this Court to remand this action to the Commissioner with instructions to award Plaintiff benefits. (ECF No. 31.[1]) The Ninth Circuit found that the ALJ failed to give clear and convincing reasons for his adverse credibility finding and failed to give clear and convincing reasons to reject the medical opinion of Dr. Watrous.

On March 20, 2013, Plaintiff filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, et seq. (ECF No. 39.) The Court denied the motion on June 3, 2013. (ECF No. 45.) The Ninth Circuit affirmed the denial on October 17, 2014. (ECF No. 52.)

Plaintiff now moves for attorneys' fees pursuant to 42 U.S.C. § 406(b). (ECF Nos. 55, 57.)

## II.

## LEGAL STANDARDS

Fees for representation of individuals claiming Social Security disability benefits are governed by 42 U.S.C. § 406. Section 406(b) governs fees for representation in court and states, in pertinent part:

> (b) Fees for representation before court
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may

---

[1] The Ninth Circuit's "Memorandum" opinion is hereinafter cited as "Mem."

> be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b). The Supreme Court has stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

## III.
## DISCUSSION

Plaintiff requests $17,375.00 in attorneys' fees, which amounts to a 25% contingency fee on the $69,500.00 in retroactive benefits awarded to Plaintiff through this litigation. Defendant did not file an opposition to the motion, but did file a "Statement Regarding Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b)." (ECF Nos. 56, 58.)

Defendant's "statement" notes that the Ninth Circuit ordered Plaintiff's attorney, Sengthiene Bosavanh, to show cause why she should not be held in contempt of court for actions related to her appeal, namely her failure to appear in person for oral argument and having substitute counsel participate in oral argument in her place. Defendant also argues that the requested fee is excessive in light of the number of hours reasonably worked.

However, the Court is not in a position to evaluate the reasonableness of the fee award by undertaking a lodestar analysis and combing the hourly records to assess whether the hours worked were reasonable and the hourly rate was reasonable. In Gisbrecht, the Supreme Court held that a lodestar approach is inappropriate in the context of Section 406(b), and instead the Court merely assesses whether the contingent-fee agreement between Plaintiff and her counsel was reasonable. See Gisbrecht, 535 U.S. at 807-808; see also Crawford v. Astrue, 586 F.3d 1142, 1150 (9th Cir. 2009).

In determining whether the contingent-fee agreement is reasonable, the Court looks to the attorney's recovery based on the character of the representation and the results the representative

3

achieved. <u>Gisbrecht</u>, 535 U.S. at 808. A reduction in the fee may be in order if the attorney is responsible for delay in the case and a reduction would prevent the attorney from profiting from the accumulation of benefits caused by the delay. <u>Id.</u> Further, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be in order. <u>Id.</u>

The Court finds the 25% contingency-fee agreement to be reasonable. As a starting point, the Court notes that 25% falls within the limits expressed section 406(b). Furthermore, Ms. Bosavanh achieved most favorable results in her representation of Plaintiff.

While the Court acknowledges some issues with Ms. Bosavanh's representation in this action, relating to the show cause order issued by the Ninth Circuit, the Court's review of the Ninth Circuit docket reveals that these issues did not result in any substantial delay in the adjudication of this matter and did not result in accumulation of benefits due to any delay. The Court also notes that, although Plaintiff spent substantial time litigating an EAJA fee motion that was ultimately denied, this did not appear to cause delay in adjudication of the matter or result in the accumulation of benefits, because the past due benefits were calculated through February 2013--prior to the EAJA litigation.

Finally, the Court finds that the total fee was in proportion to the time spent on the case, considering that this case required an appeal to the Ninth Circuit. There appears to be some murkiness regarding the relationship between Ms. Bosavanh's office and attorneys Ralph Wilborn and Betsy Stephens, who contributed substantial amounts of work on this case. The Court finds it unnecessarily to delve into these details. The Court is unaware of any law or rule which prohibits Ms. Bosavanh's office from contracting with outside attorneys for additional legal assistance. Ultimately, the Court is satisfied that the $17,375.00 in fees is proportional to the 135.05 hours worked by Ms. Bosavanh, Mr. Wilborn and Ms. Stephens.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the contingency-fee agreement between Plaintiff and her attorneys was reasonable. Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is GRANTED; and
2.     Milam Law Inc. is awarded $17,375.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

Dated:   **March 6, 2015**                                                         
                                                           UNITED STATES MAGISTRATE JUDGE